**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **DEBRA BEY, individually and on behalf of all others similarly situated,** | Case No. |
| *Plaintiff,* | |
| v. | Judge |
| **WALKERHEALTHCAREIT, LLC, WALKERSEARCHGROUP, LLC, ENCORE HEALTH RESOURCES, LLC, TIFFANY WALKER and GREGORY WALKER** | |
| *Defendants.* | |

**PLAINTIFF'S COLLECTIVE AND CLASS ACTION COMPLAINT**

*JURY TRIAL DEMANDED*

Representative Plaintiff, DEBRA BEY ("Plaintiff"), individually and on behalf of

all other similarly-situated employees, by and through her counsel, brings claims as a

Collective Action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§201 *et seq.* (the

"FLSA"), and as a Class Action pursuant to the Federal Rules of Civil Procedure, Rule 23,

and in accordance with Ohio state wage and hour law against WalkerHealthcareIT, LLC,

WalkerSearchGroup, LLC, Encore Health Resources, LLC, Tiffany Walker and Gregory

Walker (hereinafter collectively referred to as "Defendants"), their subsidiaries and

affiliates, and alleges, upon personal belief as to herself and her own acts, and as for all

other matters, upon information and belief, and based upon the investigation made by her counsel, as follows:

## NATURE OF ACTION

1.      Plaintiff contends that Defendants, jointly and severally, violated the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), and the Ohio Minimum Fair Wage Standards ("OMFWS"), R.C. §§ 4111, *et seq.*, by knowingly suffering and/or permitting Plaintiff and the putative Class members to work in excess of 40 hours per week without properly compensating them at an overtime premium rate for these overtime hours.

## JURISDICTION AND VENUE

2.      This Court has subject-matter jurisdiction over this action pursuant to 29 U.S.C. §216(b), which provides that suit under the FLSA "may be maintained against any employer… in any Federal or State court of competent jurisdiction."  The Representative Plaintiff has signed an opt-in consent form to join this lawsuit.  (*Exhibit A*).

3.      This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 because Plaintiff's claims arise under the FLSA and also pursuant to 28 U.S.C. §1332(a)(1), because the matter in controversy in this civil action exceeds $75,000.00, exclusive of interest and costs, and the parties are residents of different states.

4.      This Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. §1367 because the claim derives from a common nucleus of operative facts.

5.      Venue is proper in this District pursuant to 28 U.S.C. §1391(b), because Defendant conducts business within Ohio, including within this District, Plaintiff worked for Defendant within this District, and because the actions and omissions giving rise to the claims pled in this Complaint occurred within this District.

## PARTIES

6.      Named Plaintiff, Debra Bey, is a resident of Merrillville, Indiana and worked for Defendants as an ATE Go-Live Support Consultant (hereinafter referred to as "ATE") at OhioHealth in the state of Ohio during the applicable statute of limitations period.  Throughout this period, Plaintiff was an "employee" as defined by the FLSA, 29 U.S.C. §203(e)(1).

7.      Defendants, WalkerHealthIT, LLC and WalkerSearchGroup, LLC (hereinafter collectively referred to as "Walker"), recruit and hire individuals to assist hospitals and healthcare organizations with their implementation and administration of an integrated health computer system.  Walker's principal place of business is located in Bloomfield Hills, Michigan.  Walker provides its services to customers throughout Ohio, including this District, and nationwide.

8.      Defendant, Encore Health Resources, LLC (hereinafter referred to as "Encore"), manages the day to day duties of individuals that are recruited and hired by Walker to assist hospitals and healthcare organizations with the implementation and administration to an integrated health computer system.  Encore's principal place of business is located in Houston, Texas.  Encore provides its services to customers throughout Ohio, including this District, and nationwide.

3

9.    At all times pertinent hereto, Defendant, Tiffany Walker, was the owner and Chief Executive Officer of Walker.  In this capacity, Tiffany Walker is involved in the day to day business operations of Walker and has authority to hire and fire employees, the authority to direct and supervise the work of employees, the authority to sign on corporate checking accounts, including payroll accounts, and the authority to make decisions regarding wage and hour classification, including the decisions to classify Plaintiff as exempt or non-exempt, employee compensation, and capital expenditures.  At all relevant times, Tiffany Walker acted and had responsibility to act on behalf and in the interests of Walker in devising, directing, implementing and supervising the wage and hour practices and policies relating to employees, including the decision to not pay Plaintiff an overtime premium as required by the FLSA and OMFWS.  As such, at all times hereinafter mentioned, Defendant, Tiffany Walker, has been and is an "employer" as defined by the FLSA, 29 U.S.C. § 203(d) and the OMFWS, R.C. 4111.03(D)(2).

10.    At all times pertinent hereto, Defendant, Gregory Walker, was the owner and Senior Managing Principal of Walker.  In this capacity, Gregory Walker is involved in the day to day business operations of Walker and has authority to hire and fire employees, the authority to direct and supervise the work of employees, the authority to sign on corporate checking accounts, including payroll accounts, and the authority to make decisions regarding wage and hour classification, including the decisions to classify Plaintiff as exempt or non-exempt, employee compensation, and capital expenditures.  At all relevant times, Gregory Walker acted and had responsibility to act on behalf and in the interests of Walker in devising, directing, implementing and supervising the wage

and hour practices and policies relating to employees, including the decision to not pay

Plaintiff an overtime premium as required by the FLSA and OMFWS.  As such, at all

times hereinafter mentioned, Defendant, Gregory Walker, has been and is an "employer"

as defined by the FLSA, 29 U.S.C. § 203(d) and the OMFWS, R.C. 4111.03(D)(2).

11.     At all times relevant, Defendants were Plaintiff's "employer" as defined by

the FLSA, 29 U.S.C. §203(d) and the OMFWS, R.C. 4111.03(D)(2) and were actively

engaged in the conduct described herein.  Throughout the relevant period, Defendants

employed Plaintiff and similarly-situated employees within the meaning of the FLSA and

the OMFWS.

### FACTS

12.     Plaintiff and Class members (hereinafter collectively referred to as

"Plaintiffs") are individuals who have worked for Defendants as an ATE or any other

similarly-titled, hourly-paid position during the statutory period.  Amongst other things,

Plaintiffs all shared similar job titles, training, job descriptions and job tasks.  Importantly,

Plaintiff and Class members were all paid an hourly rate of pay.

13.     Defendants recruited, placed, and managed Plaintiffs at various healthcare

entities across the country, for limited periods of time, to assist with the implementation

and administration of their integrated health computer systems.  Projects, on average,

lasted a few weeks at a time.

14.     Plaintiffs were typically scheduled as full time employees.

15.     Plaintiffs' primary duty was to provide first line troubleshooting relating to

the implementation of the software system.  Plaintiffs were assigned to various units

within the healthcare provider entity and were tasked with providing direct interaction with the healthcare organization employees to help them use the software. Plaintiffs had little discretion in the performance of their job and worked within closely-prescribed limits provided by Defendants. More complex issues were escalated to the next level.

16.     Defendants dictated, controlled and ratified the wage and hour and all related employee compensation policies.

17.     Defendants encouraged, required and/or permitted Plaintiffs to work more than 40 hours per week. Defendants only paid Plaintiffs for billable hours (i.e. only the hours that Plaintiffs worked and were billed to the client). Defendants did not compensate Plaintiffs for the hours that they worked but were not billed to the client.

18.     Additionally, all hours worked were paid at the standard "straight time" hourly rate of pay, including all hours over 40 per workweek. (*Exhibit B*).

19.     Defendants encouraged, required and/or permitted, Plaintiffs to perform unpaid, non-billable work for Defendants' benefit, including time spent:

   a. Traveling significant distances to and from their assigned location;

   b. Attending orientation and training;

   c. Reviewing e-mails and other documents such as tip sheets;

   d. Reviewing and familiarizing themselves with daily updates to the system and/or the workflow process;

   e. Participating on conference calls;

   f. Traveling to and from the hotel to the actual worksite via mandatory shuttle arrangements;

6

g. Providing and receiving pass-down information from the prior or upcoming shift(s); and

h. Checking and maintaining their constantly changing work schedules.

20.     Defendants failed to keep accurate time records for all the work Plaintiffs performed on a daily basis.  Rather, Plaintiffs were required to record, either manually with a sign-in sheet or through a software system called Replicon, only their scheduled work hours.

21.     Throughout the statutory period, Plaintiffs' primary duty was not related to the management of the business operations of Defendants or their customers.

22.     Throughout the statutory period, Plaintiffs' primary duty did not require the use of discretion and independent judgment with respect to matters of significance.

23.     Throughout the statutory period, Plaintiffs' primary duty was not the performance of work requiring advanced knowledge in a field of science or learning.

24.     Throughout the statutory period, Plaintiffs did not perform work requiring invention, imagination, originality, or talent in a recognized field of artistic or creative endeavor.

25.     Throughout the statutory period, Plaintiffs were not employed as computer systems analysts, computer programmers, software engineers, or similarly skilled computer employees.

26.     Despite the fact that Plaintiff and other ATEs did not meet any test for exemption, Defendants failed to pay Plaintiff and other ATEs the requisite overtime rate of 1½ times their regular rate for hours worked over 40 per week.  Rather, Defendants

paid Plaintiffs their regular straight, hourly rate for time worked over 40 hours per week that was recorded by Defendants and nothing for the non-billable work they were encouraged, suffered and permitted to perform.

27.     Defendants violated the FLSA and OMFWS by not paying Plaintiff and other ATEs an overtime premium when they worked more than 40 hours per week. Defendants were aware that Plaintiffs were not properly compensated because Plaintiffs' timesheets clearly demonstrate that they were routinely working more than forty (40) hours per week but were not receiving overtime compensation.  Defendants also had knowledge of Plaintiffs' non-billable, unpaid work because they encouraged, suffered, permitted and/or directed such work.

28.     Defendants knew, and were aware at all times, of the above-mentioned violations.

29.     The conduct alleged above reduced Defendants' labor and payroll costs.

30.     Plaintiff and Class members were subject to Defendants' uniform policies and practices and were victims of Defendants' schemes to deprive them of overtime compensation.  As a result of Defendants' improper and willful failure to pay Plaintiff and other similarly-situated ATEs in accordance with the requirements of the FLSA and OMFWS, Plaintiff and Class members suffered lost wages and other damages.

## FLSA COLLECTIVE ACTION ALLEGATIONS

31.    Plaintiff brings this collective action for herself and all others similarly situated pursuant to 29 U.S.C. §216(b) to recover unpaid overtime wages, liquidated damages and other damages related to Defendants' violation of the FLSA.

32.    Plaintiff pursues the requested relief on behalf of the following Class:

**All individuals who currently work, or have worked, for the Defendants as an ATE or any other similarly-titled, hourly-paid position during the applicable statute of limitations period.**

33.    The Representative Plaintiff is a member of the Class she seeks to represent because she was employed by Defendants during the relevant period, was routinely suffered or permitted to work more than 40 hours per week, as described above, and was not paid an overtime premium for time worked over 40 hours per week.

34.    Specifically, even though Plaintiff and Class members did not satisfy any test for exemption, Defendants engaged in common schemes to avoid paying them overtime pay when they worked in excess of 40 hours per week.

35.    Although Plaintiff and the Class members may have had different job titles and/or worked in different locations throughout the relevant period, this action may be properly maintained as a collective action because:

a.  Plaintiff and the Class members were all paid an hourly rate of pay;

b.  Plaintiff and the Class members worked in excess of 40 hours per week;

c.  Defendants encouraged, suffered and/or permitted Plaintiff and the Class Members to perform non-billable work without pay;

d.  Regardless of their job title or location, Defendants did not pay Plaintiff and the Class members an overtime premium of 1½ times their regular hourly rate for all time worked in excess of 40 hours per week; and

e.  Defendants maintained common timekeeping and payroll systems and policies with respect to Plaintiff and the Class members, regardless of their job title or location.

36.    Defendants encouraged, suffered and permitted the Representative Plaintiff and the collective class to work more than forty (40) hours per week without proper overtime compensation.

37.    Defendants knew that Representative Plaintiff and the collective class members performed work that required additional wages and overtime compensation to be paid.  Nonetheless, Defendants operated under a scheme, as described above, to deprive the Representative Plaintiff and the collective class of wages and overtime compensation.

38.    Defendants' conduct, as alleged herein, was willful and has caused significant damage to Representative Plaintiff and the collective class.

39.    Defendants are liable under the FLSA for failing to properly compensate Representative Plaintiff and the collective class.  Plaintiffs request that the Court authorize notice to the members of the collective class to inform them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. §216(b), for the purpose of seeking unpaid overtime compensation, liquidated damages under the FLSA, and the other relief requested herein.

40.     Plaintiff estimates that the Class, including both current and former employees over the relevant period, will include at least one hundred (100) members. The precise number of Class members should be readily available from Defendants' personnel, scheduling, time and payroll records, and from input received from the Class members as part of the notice and "opt-in" process provided by 29 U.S.C. §216(b).  Given the composition and size of the Class, its members may be informed of the pendency of this action directly via U.S. mail and e-mail.

## CLASS ALLEGATIONS

41.     The Representative Plaintiff brings claims for relief on her own and as a class action pursuant to Rule 23(a) and Rule 23(b).  The class is defined as:

> **All individuals who currently work, or have worked, for the Defendants as an ATE or any other similarly-titled, hourly-paid position in the State of Ohio during the applicable statute of limitations period.**

42.     This action is properly maintainable as a class action because:

   a.     The class is so numerous that joinder of all members is impracticable;

   b.     There are questions of law or fact that are common to the class;

   c.     The claims or defenses of the representative parties are typical of the claims or defenses of the class; and,

   d.     The Representative Plaintiff will fairly and adequately protect the interests of the class.

## Numerosity

43.     On information and belief, the total number of putative class members represents at least one hundred (100) individuals.  The exact number of class members may be determined from Defendants' records.

## Commonality

44.     Common questions of law and fact exist as to all members of the class and predominate over any questions solely affecting individual members of the class including, but not limited to, the following:

      a.    Whether Plaintiff and the Class members were all paid by the hour;

      b.    Whether Plaintiff and the Class members, by definition, all worked in excess of 40 hours per week;

      c.    Whether Defendants encouraged, suffered and/or permitted Plaintiff and Class Members to perform non-billable work without pay;

      d.    Whether Defendants maintained common timekeeping and payroll systems and policies with respect to Plaintiff and the Class members, regardless of their job title or location;

      e.    Whether Defendants failed to pay Plaintiff and the Class members an overtime premium of 1½ times their regular hourly rate for all time worked in excess of 40 hours per week; and

      f.    Whether Defendants failed to pay Plaintiff and Class members all compensation rightfully owed.

45.     Plaintiff anticipates that Defendants will raise defenses that are common to the class.

## Adequacy

46.     The Representative Plaintiff will fairly and adequately protect the interests of the class.  She has retained experienced counsel who are competent in the prosecution of complex litigation and who have experience acting as class counsel specifically in wage and hour litigation.

## Typicality

47.     The claims asserted by the Representative Plaintiff are typical of the Class members she seeks to represent.  The Representative Plaintiff has the same interests and suffers from the same injuries as the Class members.

48.     Upon information and belief, there are no other Class members who have an interest individually controlling the prosecution of his or her individual claims, especially in light of the relatively small value of each claim and the difficulties involved in bringing individual litigation against one's employer.  However, if any such Class member should become known, he or she can opt out of this action pursuant to Rule 23.

## Common Questions of Law and Fact Predominate and a Class Action is Superior to Joinder of Claims or Individual Lawsuits

49.     The numerous common questions of law and fact set forth in the commonality discussion above predominate over individual questions because Defendants' alleged underlying activities and impact of their policies and practices affected Class members in the same manner:  they were subjected to a policy of suffering overtime work without overtime pay.

50.     A class action is superior to other available means for the fair and efficient adjudication of this controversy because the individual joinder of the parties is impracticable.   Class action treatment will allow a large number of similarly-situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the unnecessary duplication of effort and expenses if these claims were brought individually.   Moreover, as the damages suffered by each Class member may be relatively small, the expenses and burden of individual litigation would make it difficult for Plaintiffs to bring individual claims.   The presentation of separate actions by individual Class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendants and/or substantially impair or impede the ability of Class members to protect their interests.

**COUNT I**
**VIOLATION OF THE FLSA**

51.     Each of the preceding paragraphs is incorporated by reference as though fully set forth herein.

52.     Defendants operate an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. § 203(r)(1), and are engaged in commerce within the meaning of Section 3(s)(1)(A), 29 U.S.C. § 203(s)(1)(A).

53.     Plaintiff and the Class members are similarly-situated individuals within the meaning of the FLSA, 29 U.S.C. §216(b).

54.    FLSA Section 207(a)(1) states that an employee must be paid an overtime rate, equal to at least 1½ times the employee's regular rate of pay, for all hours worked in excess of 40 hours per week.

55.    Throughout the relevant period, Defendant violated the FLSA by routinely suffering or permitting Plaintiff and the Class members to work overtime hours per week without paying them overtime wages for these hours.

56.    Throughout the relevant period, Plaintiff and the Class members worked in excess of 40 hours per week, but were not paid an overtime premium of 1½ times their regular hourly rate for those additional hours.

57.    The foregoing actions of Defendants violated the FLSA.

58.    Defendants' actions were willful and not in good faith.

59.    Plaintiff and the Class members have been harmed as a direct and proximate result of Defendants' unlawful conduct because they have been deprived of overtime wages owed for time worked in excess of 40 hours per week from which Defendants derived a direct and substantial benefit.

60.    Defendants are liable to the Plaintiff and the Class members for actual damages, liquidated damages and equitable relief, pursuant to 29 U.S.C. §216(b), as well as reasonable attorneys' fees, costs and expenses.

61.    Plaintiff and the Class members are also entitled to injunctive relief to prevent Defendants from continuing their violation of the FLSA and other appropriate class-wide injunctive relief.

## COUNT II
### VIOLATION OF THE OHIO MINIMUM FAIR WAGE STANDARDS

62.     Plaintiff incorporates by reference all preceding paragraphs.

63.     Plaintiff is a member of a class that meets the requirements for certification and maintenance of a class action pursuant to Rule 23.

64.     Overtime compensation due to Ohio workers is governed by R.C. 4111.03(A).

65.     The Ohio Revised Code ("ORC") requires that non-resident employees be compensated for all hours worked in excess of forty (40) hours per week at a rate not less than one and one-half times the regular rate at which he or she is employed.  *See* R.C. 4111.03(A).

66.     Defendants are subject to the overtime requirements under the ORC because Defendants are employers under R.C. 4111.03(D)(2).

67.     During all relevant times, Representative Plaintiff and the putative Class were covered employees entitled to the above-described protections.  *See* R.C. 4111.03(D)(3).

68.     Upon information and belief, Defendants willfully failed to pay the Representative Plaintiff and the putative Class overtime wages at a rate of one and one-half times their regular rate of pay to which they are entitled under R.C. 4111.03(A).

69.     By virtue of Defendants' failure to pay Representative Plaintiff and the putative Class members the legally-required overtime wages for all hours worked in excess of 40 hours per week, Defendants willfully violated R.C. 4111.03(A).

16

70.    Pursuant to R.C. 4111.10(A), employers, such as Defendants, who intentionally fail to pay an employee wages in conformance with the ORC shall be liable to the employee for the wages or expenses that were intentionally not paid, liquidated damages, court costs, and attorneys' fees incurred in recovering the unpaid wages.

71.    As a result of Defendants' willful violations of Ohio law, Representative Plaintiff and the putative Class are entitled to recover from Defendants their unpaid overtime wages together with the costs of suit.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff, Debra Bey, individually and on behalf of all others similarly situated, by and through her attorneys, demands judgment against the Defendants, jointly and severally, and in favor of the Plaintiff and all others similarly situated, for a sum that will properly, adequately and completely compensate Plaintiff and all others similarly situated for the nature, extent and duration of their damages, the costs of this action and as follows:

A.    Order the Defendants to file with this Court and furnish to counsel a list of all names, telephone numbers, e-mail addresses and home addresses of all ATEs or any other similarly-titled, hourly-paid position who have worked for the Defendants within the last three years;

B.    Authorize Plaintiff's counsel to issue notice via U.S. Mail and e-mail at the earliest possible time to all ATEs or any other similarly-titled, hourly-paid position who have worked for the Defendants within the last three years, informing them that this action has been filed, of the nature of the action, and of their right to opt-in to this lawsuit if they were deprived of overtime compensation, as required by the FLSA;

C.    Certify Count I as a collective action and Count II as a class action;

D.    Appoint Stephan Zouras, LLP as counsel for the Plaintiffs;

E.    Declare and find that the Defendants committed one or more of the following acts:

    i.    Violated provisions of the FLSA by failing to pay overtime wages to Plaintiff and similarly-situated persons who opt-in to this action;

    ii.    Willfully violated provisions of the FLSA;

    iii.    Violated the Ohio Minimum Fair Wage Standards, R.C. §§4111 *et seq.,* by failing to pay overtime wages to Plaintiff and class members; and

    iv.    Willfully violated provisions of the Ohio Minimum Fair Wage Standards.

F.    Award compensatory damages, including all overtime pay owed, in an amount according to proof;

G.    Award liquidated damages on all compensation due accruing from the date such amounts were due;

H.    Award all costs and reasonable attorneys' fees incurred prosecuting this claim;

I.    Grant leave to amend to add claims under applicable state and federal laws;

J.    Grant leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; and

K.    For such further relief as the Court deems just and equitable.

## DEMAND FOR A JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury.

18

Dated:  December 12, 2016

Respectfully Submitted,


Andrew C. Ficzko, Esq.
(*Pro Hac Vice* motion to be filed)
STEPHAN ZOURAS, LLP
205 N. Michigan Avenue, Suite 2560
Chicago, Illinois 60601
(312) 233-1550
Email: aficzko@stephanzouras.com
*Lead trial counsel for Plaintiff*


– and –


 /s/ James Papakirk
James Papakirk (0063862)
Gregory E. Hull (0023520)
FLAGEL & PAPAKIRK, LLC
50 E Business Way, Suite 410
Cincinnati, Ohio 45241
(513) 984-8111
(513) 984-8118 (FAX)
Email: jpapakirk@fp-legal.com
Email: ghull@fp-legal.com
*Local counsel for Plaintiff*