# EXHIBIT 1

## SETTLEMENT AGREEMENT AND RELEASE

1.      This Settlement Agreement and Release (the "Settlement Agreement," "Settlement" or "Agreement") is entered into between Plaintiffs Nancy Pierce, Debra Bey, Linda Andrus and Bruno Fava[1] (collectively, the "Named Plaintiffs"), individually and on behalf of all other similarly-situated persons, and Defendants Encore Health Resources, LLC, a Texas LLC, emids Technologies Pvt Ltd Corp, an Indian corporation, sued as "emids Technologies Pvt Ltd Corp. f/k/a Encore Health Resources, LLC," and Specialist Resources Global, Inc., d/b/a emids Technologies,[2] a Delaware corporation (collectively, the "Defendants"), subject to the approval of the Court. Named Plaintiffs and Defendants may be referred to collectively as the "Parties."

## RECITALS

2.      Plaintiff Debra Bey filed a Class and Collective Action Complaint in the District Court for the Southern District of Ohio styled *Debra Bey v. WalkerHealthcareIT, LLC, WalkerSearchGroup, LLC, Encore Health Resources, LLC, Tiffany Walker, and Gregory Walker*, Case No. 2:16-cv-01167-GCS-KAJ, on December 13, 2016, alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and Ohio state law (the "*Bey* Action") (ECF No. 1.) On February 13, 2017, Defendants, WalkerHealthcareIT, LLC, WalkerSearchGroup, LLC, Tiffany Walker and Gregory Walker (collectively, the "Walker Defendants") filed a motion to dismiss (ECF No. 14.) On April 17, 2017, Defendant, Encore Health Resources, LLC ("Encore") also filed a motion to dismiss (ECF No. 32.). Both motions were fully briefed. On April 24, 2017, the Parties filed their Rule 26(f) Report (ECF No. 33.) According to the Court's Memorandum of First Pretrial Conference dated May 1, 2017, the Parties were directed and did engage in limited, cost-effective written discovery for 90 days (ECF No. 36.) On May 22, 2017, the Parties exchanged their respective Rule 26(a) Disclosures. The Parties also exchanged and responded to written discovery, including Interrogatories and Requests for Production of Documents, focused primarily on the Representative Plaintiff, Debra Bey. However, on August 16, 2017, discovery was stayed (ECF No. 46.) On August 24, 2017, the Court granted Plaintiff leave to amend her Complaint (ECF No. 48.) On September 7, 2017, Plaintiff filed an Amended Complaint (ECF No. 49.) On September 8, 2017, the Court denied both motions to dismiss as moot and without prejudice (ECF No. 50.) On September 21, 2017, both the Walker Defendants and Encore filed motions to dismiss the Amended Complaint (ECF Nos. 51 & 52.) Both motions were fully briefed. On May 1, 2018, the Court granted in part and denied in part the Walker Defendants' motion to dismiss and outright denied Encore's motion to dismiss (ECF No. 84.) On May 15, 2018, both the Walker Defendants and Encore filed their Answers to the Amended Complaint (ECF Nos. 87 & 88.) On July 10, 2018, Plaintiff filed a Motion for Conditional Certification and Judicial Notice Under 29 U.S.C. § 216(b) (ECF No. 93.) The motion is fully briefed but no decision has been rendered by the Court.

---

[1] In the Consolidated Amended Complaint contemplated by this Agreement, Bruno Fava will be added as a Named Plaintiff representing the Massachusetts class.

[2] In the Consolidated Amended Complaint contemplated by this Agreement, Named Plaintiffs will amend to add Specialist Resources Global, Inc. d/b/a emids Technologies as a Defendant.

3.      Plaintiff Nancy Pierce filed a Class Action Complaint in the Superior Court of California for the County of Alameda styled *Pierce v. Encore Health Resources, LLC*, Case No. RG18906378, on May 25, 2018,  alleging the following claims: (1) Failure to Pay Overtime Wages in Violation of the California Labor Code; (2) Failure to Provide Accurate Wage Statements in Violation of the Labor Code; (3) Failure to Timely Pay All Wages Due and Owing in Violation of the California Labor Code; (4) Violation of the Private Attorneys General Act; and (5) Unfair Business Practices (the "*Pierce* Action"). On July 9, 2018, Encore filed a Notice of Removal to the United States District Court, Northern District of California, Case No. 3:18-cv-04097-WHO, which was granted (ECF No. 1) as well as its Answer to the removed Complaint. On September 11, 2018, Plaintiff filed a Motion for Leave to File First Amended Complaint (ECF No. 13) to add a claim for violations of the FLSA for Encore's failure to pay Plaintiff and others similarly situated the requisite overtime premium rate for all hours worked over 40 per week. On September 27, 2018, the Court granted Plaintiff's Motion for Leave to File First Amended Complaint (ECF No. 22.) and the Amended Complaint was filed on October 2, 2018 (ECF No. 23.) On November 21, 2018, Encore filed a Notice of Motion to Transfer or Dismiss (ECF No. 42.)

4.      Plaintiff Linda Andrus filed a Class and Collective Action Complaint in the District Court for the Southern District of Texas styled *Andrus v. emids Technologies Pvt. Ltd. Corp. f/k/a Encore Healthcare Resources, LLC*, Case No. 4:18-cv-03901, on October 18, 2018, alleging violations of the FLSA and Pennsylvania state law (the "*Andrus* Action") (ECF No. 1.)

5.      The Parties to the *Bey*, *Pierce* and *Andrus* matters discussed the idea of exploring a global resolution against Defendants, and on November 28, 2018, they participated in a full day in-person mediation before an experienced mediator, Michael Loeb, Esq. in San Francisco, California. Several weeks prior to the mediation (as to the *Pierce* and *Andrus* cases) and during the mediation (as to the *Bey* case), Defendants provided Named Plaintiffs with electronic time and pay records for the potential global class, which Class Counsel reviewed and analyzed thoroughly.  These records included the names of the putative class members, staffing agency (if any) through which they were retained, client(s) for which they worked, dates and hours worked, pay rate, and, as to putative class members in the *Bey* action, estimates of potential liability based on the relevant payroll records. Class Counsel also engaged in an intensive effort to conduct detailed interviews of the Named Plaintiffs and Opt-In Plaintiffs.

6.      In conjunction with seeking approval of the Settlement the Parties have transferred the *Bey* and *Pierce* cases to the Southern District of Texas, where the *Andrus* case is pending, for purposes of consolidating the various pending actions and streamlining settlement notice, approval, and administration, and establishing appropriate jurisdiction and venue. The Parties have agreed to move to consolidate the cases with the *Bey* case. Furthermore, the Named Plaintiffs will file an Amended Complaint ("Consolidated Amended Complaint") pursuant to Fed. R. Civ. P. 15(a)(2) asserting additional Rule 23 state law claims, adding separate claims for relief under state law for all states in which the Named Plaintiffs, or any potential class member, worked as "at-the-elbow" or "ATE" contractors and/or employees for Defendants, or any of them, to the extent such state law claims exist or are alleged to exist.  Named Plaintiffs will also add Specialist Resources Global, Inc. d/b/a emids Technologies as a Defendant.

7.     As a result of the mediation, the Parties have agreed to settle the *Bey*, *Pierce* and *Andrus* Actions (collectively referred to as the "Consolidated Action") according to the terms of this Settlement Agreement.

8.     Class Counsel has made a thorough and independent investigation of the facts and law relating to the allegations in the Consolidated Action. In agreeing to this Settlement Agreement, Named Plaintiffs have considered: (a) the facts developed during discovery and the Parties' mediation process and the law applicable thereto, including Defendants' proffer of complete records of hours and workweeks worked for all putative class members; (b) the attendant risks of continued litigation and the uncertainty of the outcome of the claims alleged against Defendants; and (c) the desirability of consummating this Settlement according to the terms of this Settlement Agreement. Named Plaintiffs have concluded that the terms of this Settlement are fair, reasonable and adequate, and that it is in the best interests of Named Plaintiffs, the Opt-in Plaintiffs and the Settlement Class (as defined below) to settle their claims against Defendants pursuant to the terms set forth herein.

9.     Defendants deny the allegations in the Consolidated Action and deny that they have misclassified any ATE. Defendants further deny any liability for alleged failure to pay overtime compensation or any alleged wage payment, wage and hour or similar violation. Defendants are entering into this Agreement for the purpose of eliminating the burden, risk, and expense of further litigation. This Settlement Agreement and all related documents are not and shall not be construed as an admission by Defendants or any of the Releasees (as defined below) of any fault, liability or wrongdoing, which Defendants expressly deny.

10.     The Parties recognize that notice to the Settlement Class of the material terms of this Settlement, as well as Court approval of this Settlement, are required to effectuate the Settlement, and that the Settlement will not become operative until the Court grants final approval of it, the Settlement becomes Final, and the Settlement Effective Date occurs.

11.     The Parties stipulate and agree that, for settlement purposes only, the requisites for establishing collective action certification under the FLSA pursuant to 29 U.S.C. § 216(b), and class certification pursuant to FED. R. CIV. P. 23(a) and (b)(3) are met. Should this Settlement not become Final, such stipulation to conditional certification or class certification shall become null and void and shall have no bearing on, and shall not be admissible in connection with, the issue of whether or not conditional certification or class certification would be appropriate in a non-settlement context. Defendants deny that class and/or collective action treatment is appropriate in the litigation context or for trial.

12.     In consideration of the foregoing and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged by each party to the other, IT IS HEREBY AGREED, by and between the undersigned, subject to the final approval of the Court and the other conditions set forth herein, that Named Plaintiffs', Opt-In Plaintiffs' and the Settlement Class Members' (as defined below) claims as described herein against Defendants shall be settled, compromised and dismissed, on the merits and with prejudice, and that the Settling Class Members' Released Claims (as defined below) shall be finally and fully compromised, settled and dismissed as to the Defendants and Releasees, in the manner and upon the terms and conditions set forth below.

## DEFINITIONS

13.     The following terms used in this Settlement Agreement shall have the meanings ascribed to them below:

        a.      "ATE" means an "at-the-elbow" consultant who provides "go-live" training and support services to the client(s) of Defendants.  For purposes of this Agreement, "ATE" also includes all persons classified as an ATE by Defendant(s), or any of them, whether that ATE was engaged through a staffing agency, or as an independent contractor, or as an employee, and includes W-2 employees who performed ATE work.[3]

        b.      "Consolidated Action" refers collectively to the *Bey*, *Pierce*, and *Andrus* Actions, as amended by the Consolidated Amended Complaint.

        c.      "CAFA Notice" means the notice to be sent by Defendants to appropriate federal and state officials pursuant to the requirements of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715(b) ("CAFA"), within ten (10) business days after the submission of this Settlement Agreement to the Court. A copy of any CAFA Notice shall be provided to Class Counsel.

        d.      "Class Counsel" means Stephan Zouras, LLP, Thierman Buck, Berger Montague PC, and Lichten & Liss-Riordan, P.C.

        e.      "Court" means the United States District Court for the Southern District of Texas.

        f.      "Defendants" collectively means emids Technologies Pvt Ltd Corp, sued as "Emids Technologies Pvt Ltd Corp. f/k/a Encore Health Resources, LLC," Specialist Resources Global, Inc. d/b/a emids Technologies, and Encore Health Resources, LLC.

        g.      "Defendants' Counsel" means Jackson Lewis P.C. and DLA Piper LLP (US).

        h.      "Eligible Class Member" means (i) Named Plaintiffs; (ii) Opt-In Plaintiffs, (iii) all individuals who worked as an ATE for any of Defendants during any workweek during the Relevant Time Periods and who cash or otherwise deposit their Settlement Award, or who are members of a Rule 23 subclass and do not affirmatively opt-out of or request exclusion from the

---

[3] According to the data produced and representations made by Defendants, there are a total of approximately 1,183 ATEs within the scope of the putative *Pierce* and *Andrus* actions and a total of approximately 539 ATEs within the scope of the putative *Bey* action for a combined total of approximately 1,722 ATEs (less any overlap between the actions). Of these approximately 1,722 ATEs (less any overlap between the actions), only a group of approximately 19 ATEs were classified as W-2 employees as opposed to independent contractors.

Settlement.

    i.  "Eligible Collective Members' Released Claims" is defined below in Paragraph 17.

    j.  "Effective Date" means the first business day after the Court's Final Approval Order becomes Final.

    k.  "Final" shall mean, with respect to a judgment or order, that the judgment or order is final and appealable and either (a) no appeal, motion, or petition to review or intervene has been taken with respect to the judgment or order as of the date on which all times to appeal, move, or petition to review or intervene therefrom have expired, or (b) if an appeal, motion or petition to intervene or other review proceeding of the judgment or order has been commenced, such appeal, motion or petition to intervene or other review is finally concluded and no longer is subject to review by any court, whether by appeal, petitions for rehearing or re-argument, petitions for rehearing *en banc*, petitions for writ of certiorari or otherwise, and such appeal or other review has been finally resolved in such manner that affirms the judgment or order in its entirety.

    l.  "Fee Award" means the award of attorneys' fees that the Court authorizes to be paid to Class Counsel for the services they rendered to Named Plaintiffs and the Settlement Class in the Consolidated Action.

    m.  "Final Approval" or "Final Approval Order" means the Court's Final Approval Order approving the Settlement and entering judgment.

    n.  "Final Approval Hearing" means the hearing to be held by the Court to consider the final approval of the Settlement.

    o.  "Gross Settlement Amount" means the non-reversionary maximum amount that Defendants shall pay in connection with this Settlement, in exchange for the release of the Settling Class Members' Released Claims, and shall include, subject to Court approval, the Fee Award, an award of litigation costs to Class Counsel, Service Awards, and settlement administration costs. The Gross Settlement Amount is the gross sum of Two Million Three Hundred Seventy-Eight Thousand Dollars ($2,378,000.00). In no event shall (i) the Gross Settlement Amount exceed this sum; or (ii) shall Defendants be required to pay more than the Gross Settlement Amount in connection with the Settlement.

    p.  "Initial Mailing" is defined in Section 21(f) below.

    q.  "Named Plaintiffs" means Debra Bey, Nancy Pierce Linda Andrus and Bruno Fava.

    r.  "Net Settlement Amount" means the Gross Settlement Amount less: (i) Ten Thousand Dollars ($10,000.00) for each of the Named Plaintiffs (Debra Bey, Nancy Pierce, Linda Andrus and Bruno Fava), for their efforts in bringing and prosecuting the Consolidated Action ("Service Awards"); (ii) the payment of the Fee Award, not to exceed one-third (1/3) of the Gross Settlement Amount, plus the payment of out-of-pocket costs incurred by Class Counsel, which currently are estimated to be $12,710.35; and (iii) the costs related to administering this Settlement,

estimated to be approximately Seventeen Thousand Dollars ($17,000.00). The Parties acknowledge that all of these amounts are subject to the Court's approval and that this Settlement Agreement is not conditioned upon the Court's approval of these amounts, nor upon the actual costs of settlement administration.

        s.    "Notice Deadline" means the date sixty (60) days after the Settlement Notice is mailed by the Settlement Administrator to the Settlement Class. Settlement Class Members shall have until the Notice Deadline to object to or opt out of the Settlement.

        t.    "Opt-In Plaintiffs" means individuals, who at the time of Preliminary Approval, already submitted an Opt-In Consent Form to join any of the *Bey* Action, the *Pierce* Action, the *Andrus* Action, or this Consolidated Action.

        u.    "Parties" means the parties to this Agreement, Named Plaintiffs and Defendants.

        v.    "Preliminary Approval" or "Preliminary Approval Order" means the Court's Preliminary Approval Order preliminarily approving the terms and conditions of this Agreement.

        w.    "Releasees" means each and all of Defendants and IQVIA Holdings, Inc., Quintiles Commercial US, Inc., WalkerHealthcare IT, LLC, WalkerSearchGroup, LLC, Tifiany Walker, and Gregory Walker, and each of their present and former parent companies, subsidiaries, affiliates, divisions, joint ventures, and actual, putative, or alleged joint or single employers, and each and all of their past and present shareholders, officers, directors, employees, agents, servants, owners, members, investors, executors, administrators, general partners, limited partners, real or alleged alter egos, predecessors, successors, transferees, assigns, registered representatives, attorneys, insurers, partners, profit sharing, savings, health and other employee benefit plans of any nature, the successors of such plans and those plans' respective trustees, administrators, agents, employees, attorneys, fiduciaries, and other persons acting on its or their behalf, and each of them, and the predecessors and successors, assigns and legal representatives of all such entities and individuals.

        x.    "Relevant Time Periods" means 1) between December 13, 2013 and June 29, 2018 for those individuals who worked as an ATE for Defendants or Releasees in Ohio; 2) between May 25, 2014 and June 29, 2018 for those individuals who worked as an ATE for Defendants or Releasees in California; and 3) between October 2, 2015 and June 29, 2018 for those individuals who worked as an ATE for Defendants or Releasees in any other state outside of California and Ohio.

        y.    "Settlement Administrator" means JND Legal Administration, subject to the approval of the Court.

        z.    "Settlement Award" means the payment that each Eligible Class Member shall be entitled to receive pursuant to the terms of this Agreement.

        aa.    "Settlement Class" or "Settlement Class Member" means the Named Plaintiffs, all Opt-in Plaintiffs, and all individuals who worked as an ATE for any of Defendants

6

or Releasees during any workweek during the Relevant Time Periods. In anticipation of mediation, Encore produced to Plaintiffs data confirming that there are approximately 1,183 ATEs within the scope of the putative *Pierce* and *Andrus* classes.  During the mediation, Defendants provided to Plaintiffs supplemental data and disclosures confirming that there are approximately 539 ATEs within the scope of the putative *Bey* class (some of whom overlap with the *Pierce* and *Andrus* actions).

        bb.    "Settling Class Members" means all Settlement Class Members who cash or otherwise deposit their individual Settlement Award, and/or who are members of a Rule 23 subclass and who do not file timely and valid requests for exclusion from the Settlement. Named Plaintiffs and Opt-In Plaintiffs are included within the term Settling Class Members.

        cc.    "Settling Class Members' Released Claims" is defined below in Paragraph 16.

        dd.    "Settlement Notice" means the Notice of Class Action Settlement to the Settlement Class substantially in the form as Exhibit A attached hereto or as approved by the Court.

## RELEASES

14.    In exchange for the consideration set forth in this Settlement Agreement, Named Plaintiffs and Settling Class Members agree to release all claims as set forth herein as applicable.

15.    The Parties acknowledge and agree that, with the exception of the Named Plaintiffs and Opt-In Plaintiffs, only Settlement Class Members who cash or deposit their Settlement Award check shall release their FLSA claims against Defendants and other Releasees. Named Plaintiffs shall be deemed to have released their FLSA and state law claims against Defendants and other Releasees upon Final Approval by virtue of having executed this Agreement.

16.    **Settling Class Members' Released Claims:** Upon Final Approval of the Settlement Agreement, Named Plaintiffs and all Settling Class Members shall and hereby do release and discharge, emids Technologies Pvt Ltd Corp., sued as "Emids Technologies Pvt Ltd Corp. f/k/a Encore Health Resources, LLC," Specialist Resources Global, Inc. d/b/a emids Technologies, Encore Health Resources, LLC, IQVIA Holdings, Inc., Quintiles Commercial US, Inc., WalkerHealthcare IT, LLC, WalkerSearchGroup, LLC, Tifiany Walker, Gregory Walker, and all Defendants and Releasees, finally, forever and with prejudice, from any and all claims, obligations, demands, actions, rights, penalties, causes of action and liabilities, whether known or unknown, against Defendants and Releasees that were or could have been asserted in the Consolidated Amended Complaint based on the facts alleged for alleged unpaid wages, overtime, state wage and hour claims and related state or Labor Code damages and/or penalties, and any Private Attorney General Act claims, and/or laws of similar effect, and any related common law claims (including unjust enrichment or quantum meruit), including but not limited to claims for  meal and rest periods, inaccurate wage statements, waiting time penalties, off-the-clock claims, and related claims for penalties, interest compensation, liquidated or other damages, attorneys' fees,  unpaid costs, expenses, restitution or other compensation or relief arising under the applicable wage and hour laws, and/or based on, related to, or deriving from the classification of Named Plaintiffs and/or any Settling Class Members as independent contractors, or state common law claims

7

(including unjust enrichment or quantum meruit), beginning from the longest applicable statute of limitations period through June 29, 2018.

17.    **Eligible Collective Members' Released Claims:** Upon Final Approval of this Settlement Agreement, Named Plaintiffs, Opt-In Plaintiffs, and also all Eligible Class Members who deposit his/her Settlement Award check shall and hereby do release and discharge each and all of emids Technologies Pvt Ltd Corp, sued as "Emids Technologies Pvt Ltd Corp. f/k/a Encore Health Resources, LLC," Specialist Resources Global, Inc. d/b/a emids Technologies, Encore Health Resources, LLC, IQVIA Holdings, Inc., Quintiles Commercial US, Inc., WalkerHealthcare IT, LLC, WalkerSearchGroup, LLC, Tifiany Walker, Gregory Walker, and all Defendants and Releasees, finally, forever and with prejudice, from any and all causes of action, claims, rights, damages, punitive or statutory damages, penalties, liabilities, expenses and losses and issues of any kind or nature whatsoever, whether known or unknown, against emids Technologies Pvt Ltd Corp, sued as "Emids Technologies Pvt Ltd Corp. f/k/a Encore Health Resources, LLC," Specialist Resources Global, Inc. d/b/a emids Technologies, Encore Health Resources, LLC, IQVIA Holdings, Inc., Quintiles Commercial US, Inc., WalkerHealthcare IT, LLC, WalkerSearchGroup, LLC, Tifiany Walker, Gregory Walker, and all Defendants and Releasees, or any of them, that were or could have been asserted in the Consolidated Amended Complaint based on the facts alleged and that arose on or before June 29, 2018. The claims described in this paragraph include, but are not limited to, statutory, constitutional, contractual or common law wage, wage and hour claims for wages, damages, unpaid costs or expenses, penalties, liquidated damages, punitive damages, interest, attorneys' fees, litigation costs, restitution, or equitable relief, arising out of or based upon alleged violations of the FLSA, 29 U.S.C. §§ 201, *et seq.*, and any similar, related or derivative state law claims. Settling Class Members' Released Claims shall include the release set forth in this paragraph only when the Settling Class Member is a Named Plaintiff, an Opt-In Plaintiff, or deposits his/her Settlement Award check. Defendants agree that participation in the settlement and release of the Settling Class Members' Released Claims may not be used to assert collateral estoppel, *res judicata*, waiver or any other claim preclusion of FLSA claims or other claims not included in the Settling Class Members' Released Claims with respect to individuals who did not specifically release those FLSA or other claims in this Agreement.

18.    **Release Language on Settlement Checks.** The Settlement Administrator shall include the following release language on the back of each Settlement Award check:

> By depositing or cashing this check, I affirm my release of emids Technologies Pvt Ltd Corp. sued as "Emids Technologies Pvt Ltd Corp. f/k/a Encore Health Resources, LLC," Specialist Resources Global, Inc. d/b/a emids Technologies, Encore Health Resources, LLC, IQVIA Holdings, Inc., Quintiles Commercial US, Inc., WalkerHealthcare IT, LLC, WalkerSearchGroup, LLC, Tifiany Walker, Gregory Walker, and all Releasees, of all Settling Class Members' Released Claims and all Eligible Collective Members' Released Claims as defined in the Settlement Agreement approved by the Court in the Consolidated Action of *Bey, et al., v. WalkerHealthCareIT, LLC, et al.*, Civil Action No. 4:19-cv-00060 (S.D. Tex.). By depositing or cashing this check, I also consent to join and opt into the Consolidated Action as defined in that same Settlement Agreement as a party-plaintiff pursuant to 29 U.S.C. § 216(b). By depositing or cashing this check, I also affirm that I will not sue or assert any of the Settling

Class Members' Released Claims or Eligible Collective Members' Released Claims, including FLSA or state law claims, against any Defendant or Releasee.

19.     Named Plaintiffs, Opt-In Plaintiffs and Settling Class Members, to the fullest extent allowed by law, are prohibited from asserting any claims released by them in this Settlement, and from commencing, joining in, prosecuting, or voluntarily assisting in a lawsuit or adversarial proceeding against any Releasee, based on claims released by them in this Settlement. Excluded from this prohibition are any instances where any individual is legally compelled to testify through service of a subpoena or other process.

20.     While Defendants deny that California law governs any of Settling Class Members' claims, in the interests of ensuring a full and complete release to the maximum extent possible, Settling Class Members acknowledge and agree that all rights under California Civil Code § 1542 (or any other state law of similar effect) are expressly waived as to the subject matter of the *Bey* Action, *Pierce* Action, *Andrus* Action, and/or Consolidated Action.

## CERTIFICATION, NOTICE, AND SETTLEMENT IMPLEMENTATION

21.     The Parties agree to the following procedures for obtaining Preliminary Approval of the Settlement, certifying the Settlement Class, and notifying the Settlement Class of this Settlement:

     a.     **Filing of Amended Complaint**.   The Named Plaintiffs will file an Amended Complaint  pursuant to Fed. R. Civ. P. 15(a)(2) asserting additional Rule 23 state law claims and adding separate claims for relief under state law for all states in which the Named Plaintiffs, or any potential class member, worked as "at-the-elbow" or "ATE" contractors and/or employees for Defendants, or any of them, to the extent such state law claims exist or are alleged to exist.  Named Plaintiffs will also add Specialist Resources Global, Inc. d/b/a emids Technologies as a Defendant.

     b.     **Request for Class Certification and Preliminary Approval Order**. Named Plaintiffs shall file an Unopposed Motion for Preliminary Approval of Settlement Agreement, requesting that the Court certify the Settlement Class pursuant to 29 U.S.C. § 216(b) and FED. R. CIV. P. 23(a) and (b)(3) for the sole purpose of settlement; preliminarily approve the Settlement Agreement and its terms; approve the proposed form of the Settlement Notice and find that the proposed method of disseminating the Settlement Notice meets the requirements of due process and is the best notice practicable under the circumstances; set a date for Named Plaintiffs' motion for Final Approval of the Settlement, and approval of the requested Service Awards, Fee Award; approve the Settlement Administrator; and set a date for the Final Approval Hearing. Named Plaintiffs shall provide Defendants a copy of a draft Unopposed Motion for Preliminary Approval of Settlement Agreement at least seven (7) business days in advance of filing it with the Court.

     c.     **Notice**. The Settlement Administrator shall be responsible for preparing, printing and mailing the Settlement Notice to all Named Plaintiffs and Settlement Class Members.

     d.     Within ten (10) business days after the Court's Preliminary Approval of the Settlement, Defendants shall provide to the Settlement Administrator and Class Counsel an electronic database containing the names, last known addresses, last known telephone numbers,

last known email addresses, social security numbers or tax ID numbers of each Settlement Class Member (to the extent available), worked-in states of the Settlement Class Members, and the total number of hours (including recorded overtime hours) that each Settlement Class Member worked as an ATE for Defendants during the Relevant Time Periods.

       e.    In order to provide the best notice practicable, prior to mailing the Settlement Notice, the Settlement Administrator will take reasonable efforts to identify current addresses via public and proprietary systems.

       f.    Within ten (10) business days after receiving the contact information for the Settlement Class, the Settlement Administrator shall mail and email the agreed upon and Court approved Settlement Notice to Named Plaintiffs, Opt-In Plaintiffs, and Settlement Class Members, and an estimate of the amount the Settlement Class Member will receive if he or she participates in the Settlement ("Initial Mailing"). The Settlement Administrator shall provide notice to Class Counsel and Defendants' Counsel that the Initial Mailing has been mailed.

       g.    Any Settlement Notice returned to the Settlement Administrator with a forwarding address shall be re-mailed within three (3) business days following receipt of the returned mail. If any Settlement Notice is returned to the Settlement Administrator without a forwarding address, the Settlement Administrator shall undertake reasonable efforts to search for the correct address (including searching the USPS national change of address database and normal skip tracing procedures), and shall promptly re-mail the Settlement Notice to any newly found addresses.  Likewise, should any e-mailed Settlement Notice be returned as undeliverable, the Settlement Administrator shall undertake reasonable efforts to search for the correct e-mail address or other form of contact, and shall also notify Plaintiffs' and Defendants' counsel so that they can search their records for a potential alternative e-mail address. In no circumstance shall such re-mailing or e-mailing extend the Notice Deadline.

       h.    Defendants will not take any adverse action against any current employee on the grounds that he/she is eligible to participate or does participate in the Settlement. Defendants also will not discourage participation in this Settlement Agreement or encourage objections or opt-outs. If requested, Defendants shall state that Defendants and Class Counsel encourage Settlement Class Members to participate in the Settlement if they wish to receive a Settlement Award.

22.   **Objections.** The Settlement Notice shall provide that Settlement Class Members who wish to object to the Settlement must, on or before the Notice Deadline, mail to the Settlement Administrator, with a copy to Class Counsel and to Defendants' counsel, a written statement objecting to the Settlement. Such objection shall not be valid unless it includes the information specified in the Settlement Notice. The statement must be signed personally by the objector, and must include the objector's name, address, telephone number, email address (if applicable), the factual and legal grounds for the objection, and whether the objector intends to appear at the Final Approval Hearing. The Settlement Notice shall advise Settlement Class Members that objections shall only be considered if the Settlement Class Member has not opted out of the Settlement. No Settlement Class Member shall be entitled to be heard at the Final Approval Hearing (whether individually or through counsel), unless written notice of the Settlement Class Member's intention to appear at the Final Approval Hearing has been filed with the Court and served upon the Settlement Administrator on or before the Notice Deadline and the Settlement Class Member has

not opted out of the Settlement. The postmark date of mailing shall be the exclusive means for determining that an objection is timely mailed. If postmark dates differ, the later of the two postmark dates will control. Persons who fail to return timely written objections in the manner specified above shall be deemed to have waived any objections and oppositions to the Settlement's fairness, reasonableness and adequacy, and shall be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement. None of the Parties, their counsel, nor any person on their behalf, shall seek to solicit or otherwise encourage anyone to object to the settlement, or appeal from any order of the Court that is consistent with the terms of this Settlement, or discourage participation in the Settlement claims process.

23.     **Requests for Exclusion**. The Settlement Notice shall provide that Settlement Class Members, other than Named Plaintiffs, who wish to exclude themselves from the Settlement ("opt out") must mail to the Settlement Administrator a written statement indicating that they do not wish to participate or be bound by the Settlement. The written request for exclusion must contain the Settlement Class Member's full name, address, telephone number, email address (if applicable), and last four digits of their social security number, and must be signed individually by the Class Member. No opt-out request may be made on behalf of a group. Such written statement must be postmarked by the Notice Deadline. The Settlement Administrator shall provide copies of the requests for exclusion to Plaintiffs' Counsel and Defendants' Counsel within three (3) days of receipt.

24.     **Cure Period**. In the event an objection or request for exclusion is timely submitted but does not contain sufficient information to be valid, Class Counsel shall provide the Settlement Class Member, within seven (7) calendar days, a letter requesting the information that was not provided and giving the Settlement Class Member fourteen (14) days from the mailing of such cure letter to respond. Any invalid submission that is not timely cured will be considered a nullity. Class Counsel will inform Counsel for Defendants of any information requests made under this section. In no event shall the Notice Deadline be extended.

25.     **Final Claim Report**. Within five (5) business days after the Notice Deadline, the Settlement Administrator shall provide to Class Counsel and Defendants' Counsel notice of the total number of Settlement Class Members who: (a) filed timely and valid requests for exclusion from the Settlement, along with the complete copies of all requests for exclusion, including their postmark dates; (b) filed timely and valid objections, along with the complete copies of all objections, along with their postmark dates; and (c) the total number of Eligible Class Members for whom the Settlement Administrator received both a returned physical mailing and electronic mailing (*i.e.*, an e-mail "bounceback" or undeliverable notification), and was unable to contact by any other means, as well as the settlement amounts attributable to such persons.

26.     **Final Approval Hearing**. After review and approval by Defendants, Named Plaintiffs shall request that the Court schedule the Final Approval Hearing no earlier than thirty (30) days after the Notice Deadline to determine final approval of the settlement and to enter a Final Approval Order:

        a.   certifying this Action and Settlement Class as an FLSA collective action under 29 U.S.C. § 216(b) and as a class action under FED. R. CIV. P. 23(a) and (b)(3) for purposes of settlement only;

b.  finding dissemination of the Settlement Notice was accomplished as directed and met the requirements of due process;

c.  finally approving the Settlement and its terms as a fair, reasonable and adequate;

d.  directing that the Settlement funds be distributed in accordance with the terms of this Settlement Agreement;

e.  directing that the Consolidated Action be dismissed finally, fully, forever and with prejudice and in full and final discharge of any and all Settling Class Members' Released Claims; and

f.  retaining continuing jurisdiction over this Consolidated Action for purposes only of overseeing all settlement administration matters.

## **SETTLEMENT FUNDS AND AWARD CALCULATION**

27.  **Gross Settlement Amount**.

a.  Within thirty (30) business days after Preliminary Approval is granted, Defendants shall electronically transfer the Gross Settlement Amount to the Settlement Administrator. Upon receipt by the Settlement Administrator, these funds shall be transferred immediately to a Qualified Settlement Fund satisfying the requirements of Treasury Regulation Section 1.468B-1. The Settlement Administrator shall provide Defendants' counsel with an escrow agreement in advance of any such transfer.   The Settlement Administrator shall provide Defendants with a Section 1.468B-1 Relation Back Election that meets the requirements of Regulation Section 1.468B-1(j)(2) within five (5) business days after receipt of the funds. Defendants shall execute and return this document to the Settlement Administrator, to the extent necessary, which shall be affixed to the initial tax return of the Qualified Settlement Fund in order to establish the start date of the Qualified Settlement Fund. Except for any costs associated with distribution of Settlement Notice, the entire Gross Settlement Amount, plus any interest earned on the Gross Settlement Amount, shall be refunded to Defendants if the Settlement does not obtain Final Approval or otherwise does not become Final, or the Effective Date does not occur. There shall be no reversion of any portion of the Gross Settlement Amount to Defendants at any time after the Effective Date.

b.  **Disbursement by Settlement Administrator**. All disbursements shall be made from the Qualified Settlement Fund. The Settlement Administrator shall be the only entity authorized to make withdrawals or payments from the Qualified Settlement Fund.

28.  **Payments**. Subject to the Court's Final Approval Order, the following amounts shall be paid by the Settlement Administrator from the Gross Settlement Amount:

a.  **Service Awards to Named Plaintiffs**. Subject to the Court's approval, Named Plaintiffs shall each receive Ten Thousand Dollars ($10,000.00) for their efforts in bringing

and prosecuting this matter. The Qualified Settlement Fund shall issue a Form 1099 for these payments. This payment shall be made within five (5) business days after the Effective Date.

      b.   **Fee Awards and Costs**.

      (i)   Subject to the Court's approval, Class Counsel shall receive a Fee Award in an amount up to one-third (1/3) of the Gross Settlement Amount, which will compensate Class Counsel for all work performed in the Consolidated Action as of the date of this Settlement Agreement as well as all of the work remaining to be performed, including but not limited to documenting the Settlement, securing Court approval of the Settlement, making sure that the Settlement is fairly administered and implemented, and obtaining final dismissal of the Consolidated Action. In addition, Class Counsel shall, subject to Court approval, receive reimbursement of their out-of-pocket costs approved by the Court. These payments of attorneys' fees and costs shall be made within five (5) business days after the Effective Date.

      (ii)   The attorneys' fees and costs paid by Defendants pursuant to this Agreement, out of the Gross Settlement Amount, shall constitute full satisfaction of Defendants' obligations to pay amounts to any person, attorney or law firm for attorneys' fees or costs in this Consolidated Action on behalf of Named Plaintiffs, Opt-In Plaintiffs and/or any Settlement Class Member, and shall relieve Defendants from any other claims or liability to any other attorney or law firm for any attorneys' fees or costs to which any of them may claim to be entitled on behalf of Named Plaintiffs, Opt-In Plaintiffs or any Settlement Class Member.

      (iii)   A Form 1099 shall be provided to Class Counsel for the payments made to Class Counsel. Class Counsel shall be solely and legally responsible to pay any and all applicable taxes on the payment made to them.

      c.   **Settlement Administration Costs**. Settlement Administration costs shall be paid from the Gross Settlement Amount. The Parties agree to cooperate in the settlement administration process and to make all reasonable efforts to control and minimize the costs incurred in the administration of the Settlement.

      d.   **Settlement Awards to Eligible Class Members**. Settlement Awards shall be made to Eligible Class Members as set forth below.

29.   **No Claim Based Upon Distributions or Payments in Accordance with this Settlement Agreement**. No person shall have any claim against Defendants or Releasees, Class Counsel, or Defendants' Counsel based on distributions or payments made in accordance with this Settlement Agreement.

## CALCULATION AND DISTRIBUTION OF SETTLEMENT AWARDS

30.   **Settlement Award Eligibility**. All Eligible Class Members shall be paid a Settlement Award from the Net Settlement Amount. The Settlement Administrator shall be responsible for determining eligibility for, and the amount of, the Settlement Awards to be paid to Eligible Class Members based on the following formula:

      a.   The amount of $100 per Eligible Class Member will be deducted from the Net

Settlement Amount prior to the determination of *pro rata* individual settlement shares and allocated to each Eligible Class Member so that each Eligible Class Member receives at least $100 in exchange for their release in this Settlement Agreement.

b. In addition to the $100 payment set out in (a) above, Eligible Class Members shall receive *a pro rata* portion of the Net Settlement Amount as follows;

   i. For each week during which the Eligible Class Member performed overtime work for Defendants and/or other Releasees during the Relevant Time Periods, he or she shall be eligible to receive *a pro rata* portion of the Net Settlement Amount based on the actual number of overtime hours the Eligible Class Member worked. Each overtime hour paid will be equal to one (1) settlement share. Overtime work shall include any hours over 40 worked in a workweek.

   ii. The total number of settlement shares for all Eligible Class Members will be added together and the resulting sum will be divided into the Net Settlement Amount to reach a per share dollar figure. That figure will then be multiplied by each Eligible Class Member's number of settlement shares to determine the Eligible Class Member's Settlement Award.

31.     In addition to other information contained on the Settlement Notice, the Settlement Notice shall state the estimated minimum payment the class member is expected to receive assuming full participation of all Settlement Class Members.

32.     All Settlement Award determinations shall be based on Defendants' payroll and timekeeping records, including Replicon data. If the Parties determine, based upon further review of available data, that a person previously identified as being a Settlement Class Member is not a Settlement Class Member, or an individual who was not previously identified as a Settlement Class Member is in fact a Settlement Class Member but was not so included, the Settlement Administrator shall promptly make such addition or deletion as appropriate.

33.     Settlement Awards shall be reported on an IRS Form 1099, and shall not be subject to FICA and FUTA withholding taxes, except as to Defendants' 19 direct employees who performed ATE work. For income and payroll tax purposes, fifty percent (50%) of the total payment made to the 19 direct employees shall be allocated as wages (which shall be subject to required withholdings and deductions and reported as wage income as required by law), and the remaining fifty percent (50%) payment shall be allocated as penalties, interest or other non-wage recovery (which shall not be subject to required withholdings and deductions and shall be reported as non-wage income as required by law). Defendants shall be responsible for all liabilities, if any, related to the employer portion of any payroll tax liability. Defendants shall withhold legally required payroll taxes from the portion of the payment that constitutes wages, and shall issue an IRS Form W-2 indicating those amounts, and shall pay the appropriate tax authorities the employer portion of any and all payroll taxes. The payment for penalties, interest or other non-wage recovery shall be reported on an IRS Form 1099. Defendants shall cooperate as may be necessary with the Settlement Administrator and Class Counsel.

34.     Class Counsel and Defendants' Counsel do not intend for this Settlement Agreement to constitute legal advice relating to the tax liability of any Eligible Class Member. To the extent that this Settlement Agreement, or any of its attachments, is interpreted to contain or constitute advice regarding any federal, state or local tax issue, such advice is not intended or written to be used, and cannot be used, by any person for the purpose of avoiding any tax liability or penalties.

35.     The Settlement Administrator shall provide Class Counsel and Defendants' Counsel with a final report of all Settlement Awards, at least ten (10) business days before the Settlement Awards to Eligible Class Members are mailed.

36.     The Settlement Administrator shall mail all Settlement Awards to Eligible Class Members within thirty (30) days after the Effective Date or as soon as reasonably practicable. The Settlement Administrator shall then provide written certification of such payments to counsel for the Parties.

37.     All Settlement Award checks shall remain valid and negotiable for one hundred eighty (180) days from the date of their issuance and may thereafter automatically be canceled if not cashed within that time, at which time the right to recover any Settlement Award will be deemed void and of no further force and effect. With ninety (90) days remaining, a reminder letter will be sent via U.S. mail and email to those who have not yet cashed their settlement check, and during the last sixty (60) days of the check cashing period, a call will be placed to those that have still not cashed their check to remind them to do so. At the conclusion of the 180-day check cashing deadline, any Eligible Class Members who have not cashed their Settlement Award checks shall nevertheless be deemed to have finally and forever released the Named Plaintiffs' Released Claims or Settlement Class Members' Released Claims, as applicable, except that the Eligible Class Members who are not Named Plaintiffs or Opt-In Plaintiffs and who do not cash a settlement check shall not release any FLSA claims against Defendants and/or Releasees.

38.     **Remaining Monies**. If at the conclusion of the 180-day check void period set forth above, there are any monies remaining, those monies shall be paid to the Parties' agreed-upon *cy pres* recipient, Lone Star Legal Aid, subject to the Court's approval in the Final Approval Order.

## ADDITIONAL RELIEF

**39.     Classification of ATEs on Prospective Basis.**  Defendants agree that after January 31, 2019, Defendants will engage as W-2 employees all ATEs who perform go-live consulting work for Defendants, and will otherwise ensure that all ATEs assigned to Defendants' contracts/projects will be eligible to receive an overtime premium when they work more than 40 hours per week.

## MISCELLANEOUS

40.     **No Admission of Liability.** This Settlement Agreement and all related documents are not and shall not be construed as an admission by Defendants or any of the Releasees of any fault or liability or wrongdoing.

41.     **Defendants' Legal Fees.** Defendants' legal fees and expenses in this Consolidated Action shall be borne by Defendants.

42.  **Nullification of the Settlement Agreement**. In the event: (a) the Court does not preliminarily or finally approve the Settlement as provided herein; or (b) the Settlement does not become Final for any other reason; or (c) the Effective Date does not occur, the Parties agree to engage in follow up negotiations with the intent of resolving the Court's concerns that precluded approval, and if feasible, to resubmit the settlement for approval within thirty (30) days. If the Settlement is not approved as resubmitted or if the Parties are not able to reach another agreement, then either Party may void this Agreement; at that point, the Parties agree that each shall return to their respective positions on the day before this Agreement and that this Agreement shall not be used in evidence or argument in any other aspect of their litigation. In addition, upon voiding of the Agreement, the Gross Settlement Amount will be returned to Defendants.

43.  **Inadmissibility of Settlement Agreement.** Except for purposes of settling this Action, or enforcing its terms (including that claims were settled and released), resolving an alleged breach, or for resolution of other tax or legal issues arising from a payment under this Settlement Agreement, neither this Agreement, nor its terms, nor any document, statement, proceeding or conduct related to this Agreement, nor any reports or accounts thereof, shall be construed as, offered or admitted in evidence as, received as, or deemed to be evidence for any purpose adverse to the Parties, including, without limitation, evidence of a presumption, concession, indication or admission by any of the Parties of any liability, fault, wrongdoing, omission, concession or damage.

44.  **Computation of Time.** For purposes of this Agreement, if the prescribed time period in which to complete any required or permitted action expires on a Saturday, Sunday, or legal holiday (as defined by FED. R. CIV. P. 6(a)(6)), such time period shall be continued to the following business day. The term "days" shall mean calendar days unless otherwise noted.

45.  **Interim Stay of Proceedings.** The Parties agree to hold in abeyance all proceedings in the Consolidated Action, except such proceedings necessary to implement and complete the Settlement. Further, without further order of the Court, the Parties hereto may agree in writing to reasonable extensions of time to carry out any of the provisions of the Settlement.

46.  **Amendment or Modification.** This Agreement may be amended or modified only by a written instrument signed by counsel for all Parties or their successors in interest. This Agreement may not be discharged except by performance in accordance with its terms or by a writing signed by the Parties hereto.

47.  **Entire Settlement Agreement.** This Agreement with exhibits constitutes the entire Agreement among the Parties, and no oral or written representations, warranties or inducements have been made to any Party concerning this Agreement other than the representations, warranties, and covenants contained and memorialized in such documents. All prior or contemporaneous negotiations, memoranda, agreements, understandings, and representations, whether written or oral, including the Parties executed Memorandum of Understanding executed on November 28, 2018, are expressly superseded hereby and are of no further force and effect. Each of the Parties acknowledges that they have not relied on any promise, representation or warranty, express or implied, not contained in this Agreement. No rights hereunder may be waived except in writing.

48. **Authorization to Enter Into Settlement Agreement.** The Parties warrant and represent that they are authorized to enter into this Agreement and to take all appropriate action required or permitted to be taken by such Parties pursuant to this Agreement to effectuate its terms, and to execute any other documents required to effectuate the terms of this Agreement. The Parties and their counsel shall cooperate with each other and use their best efforts to affect the implementation of the Agreement. In the event that the Parties are unable to reach resolution on the form or content of any document needed to implement this Agreement, or on any supplemental provisions or actions that may become necessary to effectuate the terms of this Agreement, the Parties shall seek the assistance of the mediator, Michael Loeb, Esq., to resolve such disagreement.

49. **Binding on Successors and Assigns.** This Agreement shall be binding upon, and inure to the benefit of Named Plaintiffs, Defendants, Opt-In Plaintiffs, the Settlement Class Members and their heirs, beneficiaries, executors, administrators, successors, transferees, successors, assigns, or any corporation or any entity with which any party may merge, consolidate or reorganize. The Parties hereto represent, covenant and warrant that they have not directly or indirectly assigned, transferred, encumbered or purported to assign, transfer or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action or rights herein released and discharged except as set forth herein.

50. **Counterparts.** This Agreement may be executed in one or more counterparts, including by facsimile or email. All executed counterparts and each of them shall be deemed to be one and the same instrument. All executed copies of this Agreement, and photocopies thereof (including facsimile and/or emailed copies of the signature pages), shall have the same force and effect and shall be as legally binding and enforceable as the original.

51. **No Signature Required by Eligible Class Members.** Only the Named Plaintiffs will be required to execute this Settlement Agreement. The Settlement Notice will advise all Settlement Class Members of the binding nature of the release and such shall have the same force and effect as if this Settlement Agreement were executed by each Settling Class Member.

52. **Cooperation and Drafting.** The Parties have cooperated in the drafting and preparation of this Agreement; hence the drafting of this Agreement shall not be construed against any of the Parties. The Parties agree that the terms and conditions of this Agreement were negotiated at arm's length and in good faith by the Parties, and reflect a settlement that was reached voluntarily based upon adequate information and sufficient discovery and after consultation with experienced legal counsel.

53. **Governing Law.** All terms of this Settlement Agreement and the exhibits hereto shall be governed by and interpreted according to the laws of the State of Texas.

54. **Jurisdiction of the Court.** The Court shall retain jurisdiction with respect to the interpretation, implementation, and enforcement of the terms of this Settlement and all orders and judgments entered in connection therewith, and the Parties and their Counsel submit to the jurisdiction of the Court for this purpose.

**IN WITNESS WHEREOF**, the Parties and their Counsel have executed this Settlement Agreement as follows:

DocuSign Envelope ID: E20F8D24-9E08-4737-9655-E497BA603ECE

**PLAINTIFFS:**

Debra Bey

_____    Date: April 3 ___, 2019
Debra Bey

Nancy J. Pierce

_____    Date: 4-4 -2019 ___, 2019
Nancy Pierce

_____    Date: _____, 2019
Linda Andrus

_____    Date: _____, 2019
Bruno Fava

**APPROVED AS TO FORM BY CLASS COUNSEL:**

_____    Date: 4/4 ___, 2019
Ryan F. Stephan
STEPHAN ZOURAS, LLP
100 N. Riverside Plaza, Suite 2150
Chicago, IL 60606

_____    Date: 4/4 ___, 2019
Joshua D. Buck
THIERMAN BUCK
7287 Lakeside Drive
Reno, NV 89511

_____    Date: 4/5 ___, 2019
Sharon J. Carson
Sarah R. Schalman-Bergen
BERGER & MONTAGUE PC
1818 Market Street, Suite 3600
Philadelphia, PA19103

18

DocuSign Envelope ID: E20F8D24-9E08-4737-9655-E497BA603ECE

**PLAINTIFFS:**

Debra Bey

Debra Bey

Date: April 3 , 2019

Nancy F. Pierce

Nancy Pierce

Date: 4-4 -2019 , 2019

Date: _____, 2019

Linda Andrus

Bruno S Fava (Apr 7, 2019)

Bruno Fava

Date: 04/07/19 , 2019

**APPROVED AS TO FORM BY CLASS COUNSEL:**

Ryan F. Stephan
STEPHAN ZOURAS, LLP
100 N. Riverside Plaza, Suite 2150
Chicago, IL 60606

Date: 4/4 , 2019

Joshua D. Buck
THIERMAN BUCK
7287 Lakeside Drive
Reno, NV 89511

Date: 4/4 , 2019

Shanon J. Carson
Sarah R. Schalman-Bergen
BERGER & MONTAGUE PC
1818 Market Street, Suite 3600
Philadelphia, PA19103

Date: _____, 2019

18

**PLAINTIFFS:**
      _____     Date: _____, 2019
      Debra Bey

      _____     Date: _____, 2019
      Nancy Pierce

      *Linda Andrus*
      _____     Date: 04/12 _____, 2019
      Linda Andrus

      _____     Date: _____, 2019
      Bruno Fava

**APPROVED AS TO FORM BY CLASS COUNSEL:**

      _____     Date: _____, 2019
      Ryan F. Stephan
      STEPHAN ZOURAS, LLP
      100 N. Riverside Plaza, Suite 2150
      Chicago, IL 60606

      _____     Date: _____, 2019
      Joshua D. Buck
      THIERMAN BUCK
      7287 Lakeside Drive
      Reno, NV 89511

      _____     Date: _____, 2019
      Shanon J. Carson
      Sarah R. Schalman-Bergen
      BERGER & MONTAGUE PC
      1818 Market Street, Suite 3600
      Philadelphia, PA19103

_____     Date: _____, 2019
Harold Lichten
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston St., Suite 2000
Boston, MA 02116

_____     Date: 4/15/ , 2019
David M. Blanchard
BLANCHARD & WALKER, PLLC
221 N. Main Street, Suite 300
Ann Arbor, MI 48104

**DEFENDANTS:**

**SPECIALIST RESOURCES GLOBAL, INC. d/b/a EMIDS TECHNOLOGIES**

By:_____
      Name:
      Title:

**ENCORE HEALTH RESOURCES, LLC**

By:_____
      Name:
      Title:

**EMIDS TECHNOLOGIES PVT LTD. CORP, sued as "EMIDS TECHNOLOGIES PVT LTD. CORP. f/k/a ENCORE HEALTHCARE RESOURCES, LLC"**

By:_____
      Name:
      Title:

**APPROVED AS TO FORM BY DEFENDANTS' COUNSEL:**

_____     Date: _____, 2019
Paul J. Hall
DLA Piper LLP (US)
555 Mission Street, Suite 2400
San Francisco, CA 94105

19

_Hdh_                                  Date:  _April 15_  , 2019
_____
Harold Lichten
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston St., Suite 2000
Boston, MA 02116


_____     Date: _____, 2019
David M. Blanchard
BLANCHARD & WALKER, PLLC
221 N. Main Street, Suite 300
Ann Arbor, MI 48104

**DEFENDANTS:**


**SPECIALIST RESOURCES GLOBAL, INC. d/b/a EMIDS TECHNOLOGIES**


By:_____
    Name:
    Title:


**ENCORE HEALTH RESOURCES, LLC**


By:_____
    Name:
    Title:


**EMIDS TECHNOLOGIES PVT LTD. CORP, sued as "EMIDS TECHNOLOGIES PVT LTD. CORP. f/k/a ENCORE HEALTHCARE RESOURCES, LLC"**


By:_____
    Name:
    Title:


**APPROVED AS TO FORM BY DEFENDANTS' COUNSEL:**


_____     Date: _____, 2019
Paul J. Hall
DLA Piper LLP (US)
555 Mission Street, Suite 2400
San Francisco, CA 94105

_____     Date: _____, 2019
Harold Lichten
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston St., Suite 2000
Boston, MA 02116


_____     Date: _____, 2019
David M. Blanchard
BLANCHARD & WALKER, PLLC
221 N. Main Street, Suite 300
Ann Arbor, MI 48104

**DEFENDANTS:**

**SPECIALIST RESOURCES GLOBAL, INC. d/b/a EMIDS TECHNOLOGIES**

By:_____
   Name: Gaurav Agarwal
   Title: Chief Financial Officer

**ENCORE HEALTH RESOURCES, LLC**

By:_____
   Name: Gaurav Agarwal
   Title: Chief Financial Officer

**EMIDS TECHNOLOGIES PVT LTD. CORP, sued as "EMIDS TECHNOLOGIES PVT LTD. CORP. f/k/a ENCORE HEALTHCARE RESOURCES, LLC"**

By:_____
   Name: Gaurav Agarwal
   Title: Chief Financial Officer

**APPROVED AS TO FORM BY DEFENDANTS' COUNSEL:**

_____     Date: April 12, 2019
Paul J. Hall
DLA Piper LLP (US)
555 Mission Street, Suite 2400
San Francisco, CA 94105

19

Date: _April 11_, 2019

Katharine Weber
Jackson Lewis P.C.
PNC Center, 26th Floor
201 E. Fifth Street
Cincinnati, OH 45202

# **<u>EXHIBIT A</u>**

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| DEBRA BEY, | * | Case No. 4:19-CV-00060 |
| | * | |
| Plaintiff, | * | Judge Nancy F. Atlas |
| | * | |
| v. | * | |
| | * | |
| WALKERHEALTHCAREIT, LLC, | * | |
| WALKERSEARCHGROUP, LLC, ENCORE | * | |
| HEALTH RESOURCES, LLC, TIFFANY | * | |
| WALKER and GREGORY WALKER | * | |
| | * | |
| Defendants. | * | |
| | * | |
| _____ | * | |
| | * | |
| NANCY PIERCE, | * | Case No. 4:18-cv-04736 |
| | * | |
| Plaintiff, | * | Judge Sim Lake |
| | * | |
| v. | * | |
| | * | |
| ENCORE HEALTH RESOURCES, LLC | * | |
| | * | |
| Defendants. | * | |
| | * | |
| _____ | * | |
| | * | |
| LINDA ANDRUS, | * | Case No. 4:18-cv-3901 |
| | * | |
| Plaintiff, | * | Judge Lynn Hughes |
| | * | |
| v. | * | |
| | * | |
| EMIDS TECHNOLOGIES PVT LTD. | * | |
| CORP., f/k/a ENCORE HEALTH | * | |
| RESOURCES, LLC | * | |
| | * | |
| Defendant. | * | |
| | * | |
| | * | |
| | * | |
| | * | |
| | * | |
| | * | |

22

## <u>NOTICE OF SETTLEMENT</u>

### **PLEASE READ THIS NOTICE CAREFULLY.**

You received this Notice of Settlement ("Notice") either because you 1) previously completed an Opt-In Consent Form to join this case; or 2) you did not previously join this case but the records of emids Technologies Pvt Ltd Corp. sued as "Emids Technologies Pvt Ltd Corp. f/k/a Encore Health Resources, LLC," Specialist Resources Global, Inc. d/b/a emids Technologies, and/or Encore Health Resources, LLC ("Defendants" or "Encore") show you performed work as an ATE[4] for Encore during the Relevant Time Periods.[5] Because you fit this definition, **<u>you may be entitled to receive money from a Settlement</u>**[6] **<u>in this case, as described below</u>**.

| **1.** | **Why Should You Read This Notice?** |
|---|---|

This Notice explains your right to share in the monetary proceeds of this Settlement, exclude yourself ("opt out") of the Settlement, or object to the Settlement. The United States District Court for the Southern District of Texas has preliminarily approved the Settlement as fair and reasonable. The Court will hold a Final Approval Hearing on _____, 2019 at _____, before the Honorable Nancy F. Atlas in Courtroom 9F (9th Floor), United States District Court for the Southern District of Texas, Houston Division, 515 Rusk Street, Houston, TX 77002.

| **2.** | **What Is This Case About?** |
|---|---|

This lawsuit alleges that individuals who performed ATE work for Encore during the Relevant Time Periods were not paid overtime compensation to which they were entitled under the law. Encore denies that these individuals were entitled to any overtime compensation or other compensation beyond the compensation they received and denies any wrongdoing and any and all liability and damages to anyone with respect to the alleged facts or causes of action asserted in the lawsuit. To avoid the burden, expense and inconvenience of continued litigation, the Parties have

---

[4] "ATE" means an "at-the-elbow" consultant who provides "go-live" training and support services to the client(s) of Defendant(s). For purposes of this Agreement, "ATE" also includes all persons classified as an ATE by Defendant(s), or any of them, whether that ATE was engaged through a staffing agency, or as an independent contractor, or as an employee, and includes W-2 employees who performed ATE work.

[5] The Relevant Time Periods are 1) December 13, 2013 to June 29, 2018 for work performed in Ohio; 2) May 25, 2014 to June 29, 2018 for work performed in California; or 3) October 2, 2015 to June 29, 2018 for work performed in any other state.

[6] The capitalized terms in this Notice of Settlement have defined meanings that are set out in detail in the Settlement Agreement. To review a copy of the Settlement Agreement, please contact the Settlement Administrator or Class Counsel.

concluded that it is in the best interests of the Settlement Class to resolve and settle the lawsuit by entering into a Settlement Agreement.

| 3. | What Are the Terms of the Settlement? |
|----|----------------------------------------|

Encore has agreed to pay Two Million Three Hundred Seventy-Eight Thousand Dollars and Zero Cents ($2,378,000.00) to settle this lawsuit ("Gross Settlement Amount"). Deductions from this amount will be made for attorneys' fees and costs for Class Counsel (see below), settlement administration costs (estimated to be approximately $17,000.00), and service awards in the amount not to exceed Forty Thousand Dollars ($40,000) in total to Linda Andrus ($10,000), Debra Bey ($10,000), Nancy Pierce ($10,000) and Bruno Fava ($10,000) (collectively referred to as the "Named Plaintiffs") for their service to the Settlement Class. After deductions of these amounts, what remains of the Gross Settlement Amount (the "Net Settlement Amount") will be available to pay monetary Settlement Awards to (i) Named Plaintiffs; (ii) Opt-In Plaintiffs, and (iii) all Settlement Class Members who are part of a state law subclass and do not affirmatively opt-out or request exclusion from the Settlement, and/or who cash or deposit their Settlement Award checks (collectively, "Eligible Class Members").

Named Plaintiffs, individuals who filed an Opt-In Consent Form to join the case before [date of preliminary approval], all individuals who are part of a state law subclass and do not affirmatively opt-out, and/or all individuals who cash or deposit their Settlement Award checks, will be eligible to receive a monetary award from the Net Settlement Amount.

| 4. | How Much Can I Expect to Receive? |
|----|-----------------------------------|

All Eligible Class Members will receive a *pro rata* share of the Net Settlement Amount based on the total number of overtime hours that the Eligible Class Member worked for Defendants during the Relevant Time Periods.

Specifically, the amount of $100 per Eligible Class Member will be deducted from the Net Settlement Amount prior to the determination of *pro rata* individual settlement shares and allocated to each Eligible Class Member so that each Eligible Class Member receives at least $100 in exchange for their release in this Settlement Agreement.

In addition to the $100 payment, each Eligible Class Members shall receive *a pro rata* portion of the Net Settlement Amount as follows:

1. For each week during which the Eligible Class Member performed overtime work for Encore at any time from December 13, 2013 and June 29, 2018 for those individuals who worked as an ATE for Defendants in Ohio, between May 25, 2014 and June 29, 2018 for those individuals who worked as an ATE for Defendants in California, and between October 2, 2015 and June 29, 2018 for those individuals who worked as an ATE for Defendants in any other state outside of California and Ohio, he or she shall be eligible to receive a *pro rata* portion of the Net Settlement Amount based on the actual number of overtime hours the Eligible Class Member worked. Each overtime hour worked will be equal to one (1) settlement share.

2. The total number of settlement shares for all Eligible Class Members will be added together and the resulting sum will be divided into the Net Settlement Amount to reach a per share dollar figure. That figure will then be multiplied by each Eligible Class Member's number of settlement shares to determine the Eligible Class Member's Settlement Award.

All Settlement Award determinations will be based on Encore's pay data for Settlement Class members. According to records maintained by Encore, your total estimated settlement payment will be approximately $████. This amount is an estimated amount, and your final settlement payment may differ from this amount and will be calculated as set forth above.

Most Eligible Class Members were classified as independent contractors. As to those Eligible Class Members, Settlement Awards shall be reported on an IRS Form 1099, and shall not be subject to FICA and FUTA withholding taxes. Nineteen Eligible Class Members were direct employees of Encore. For income and payroll purposes, fifty percent (50%) of the total payment to these nineteen direct employees shall be allocated as wages (which shall be subject to required withholdings and deductions and reported as wage income as required by law), and the remaining fifty percent (50%) payment shall be allocated as penalties, interest or other non-wage recovery (which shall not be subject to required withholdings and deductions and shall be reported as non-wage income as required by law). Defendants shall be responsible for all liabilities, if any, related to the employer portion of any payroll tax liability. Defendants shall withhold legally required payroll taxes from the portion of the payment that constitutes wages, and shall issue an IRS Form W-2 indicating those amounts and shall pay the appropriate tax authorities the employer portion of any and all payroll taxes. The payment for penalties, interest or other non-wage recovery shall be reported on an IRS Form 1099.

If you receive a Settlement Award, you will have 180 days to cash the check that will be sent to you. If at the conclusion of the 180-day check void period, there are any uncashed checks, those monies will be paid to the Parties' agreed upon *cy pres* recipient, Lone Star Legal Aid, subject to the Court's approval in the Final Approval Order.

**It is your responsibility to keep a current address on file with the Settlement Administrator to ensure receipt of your monetary Settlement Award. If you fail to keep your address current, you may not receive your Settlement Award.**

| 5. | What Are The Releases? |
|---|---|

If the Court grants final approval of the Settlement, the lawsuit will be dismissed with prejudice against Defendants, and all Eligible Class Members will release each and all Releasees (defined below) from any and all causes of action, claims, rights, damages, punitive or statutory damages, penalties, liabilities, expenses and losses and issues of any kind or nature whatsoever, whether known or unknown, that were or could have been asserted in the Consolidated Amended Complaint based on the facts alleged in the lawsuit and that arose on or before June 29, 2018. The released claims include, but are not limited to, statutory, constitutional, contractual or common law wage claims (such as unjust enrichment or quantum meruit), federal, state, and local wage and hour claims for unpaid wages, overtime, missed meal and rest periods, inaccurate wage statements, waiting time penalties, off-the-clock work, misclassification, state wage and hour law violations,

related state or California Labor Code damages and/or Penalties, any Private Attorney General Act claims and/or laws of similar effect, compensation, liquidated or other damages, unpaid costs or expenses, penalties, liquidated damages, punitive damages, interest, attorneys' fees, litigation costs, restitution, equitable, or other compensation or relief arising out of or based upon alleged violations of the FLSA, 29 U.S.C. §§ 201, *et seq.*, and any similar, related or derivative state law claims, and any claims based on, related to, or deriving from the classification of any Eligible Class Member as an independent contractor, from the longest applicable statute of limitations period through June 29, 2018.  With the exception of the Named Plaintiffs and Opt-In Plaintiffs, only Eligible Class Members and persons who cash or deposit their Settlement Award check will release their FLSA claims against Defendants and Releasees.

The "Releasees" are emids Technologies Pvt Ltd Corp., sued as "Emids Technologies Pvt Ltd Corp. f/k/a Encore Health Resources, LLC," Specialist Resources Global, Inc. d/b/a emids Technologies, Encore Health Resources, LLC, IQVIA Holdings, Inc., Quintiles Commercial US, Inc., WalkerHealthcareIT, LLC, WalkerSearchGroup, LLC, Tifiany Walker, and Gregory Walker, and each of their present and former parent companies, subsidiaries, affiliates, divisions, joint ventures, and actual, putative, or alleged joint or single employers, and all of their past and present shareholders, officers, directors, employees, agents, servants, owners, members, investors, executors, administrators, general partners, limited partners, real or alleged alter egos, predecessors, successors, transferees, assigns, registered representatives, attorneys, insurers, partners, profit sharing, savings, health and other employee benefit plans of any nature, the successors of such plans and those plans' respective trustees, administrators, agents, employees, attorneys, fiduciaries, and other persons acting on its or their behalf, and each of them, and the predecessors and successors, assigns and legal representatives of all such entities and individuals.

| 6. | **What Are My Rights?** |
|---|---|

- **Participate in the Settlement:** If you are a Settlement Class Member you will receive a Settlement Award unless you affirmatively opt-out or request exclusion from the Settlement.  You will be bound by the release in the Settlement. Only Named Plaintiffs, Opt-In Plaintiffs (whether or not they deposit or cash their settlement checks), and those other Eligible Class Members who deposit or cash their Settlement Award will release their FLSA claims under the Settlement.

The Settlement Administrator can be contacted by mail, email, or facsimile at:

JND Legal Administration
1100 2nd Avenue, Suite 300
Seattle, WA 98101
[TELEPHONE]
[FAX]
[EMAIL]

- **Do Nothing**: If you are a Settlement Class Member who is not a Named Plaintiff or an Opt-In Plaintiff and you do not cash or otherwise deposit your Settlement Award, you will be bound by the Settlement including its release provisions, except that you will not release your FLSA claims.  Named Plaintiffs and Opt-In Plaintiffs will be bound by the release of their FLSA claims even if they do not deposit their Settlement Award.

- **Opt-Out**: If you are a member of the Settlement Class and do not wish to be bound by the Settlement, you must submit a written exclusion from the Settlement ("opt-out"), postmarked by [INSERT]. The written request for exclusion must contain your full name, address, telephone number, email address (if applicable), last four digits of your social security number, and must be signed individually by you. No opt-out request may be made on behalf of a group. The opt-out request must be sent by mail to the Settlement Administrator. **Any person who requests exclusion (opts out) of the settlement will not be entitled to any Settlement Award and will not be bound by the Settlement Agreement or have any right to object, appeal or comment thereon**.

- **Object**: If you received this Notice and wish to object to the Settlement, you must submit a written statement objecting to the Settlement. The statement must state the factual and legal grounds for your objection to the settlement. Your objection must state your full name, address, telephone number, and email address (if applicable), and must be signed by you. Any objection must be mailed to the Settlement Administrator, with a copies to:

Ryan F. Stephan
**STEPHAN ZOURAS, LLP**
100 N. Riverside Plaza, Suite 2150
Chicago, IL 60606

Paul J. Hall
**DLA PIPER LLP**
555 Mission Street, Suite 2400
San Francisco, CA 94105

Sarah R. Schalman-Bergen
**BERGER MONTAGUE PC**
1818 Market St., Suite 3600
Philadelphia, PA 19103

Katharine Weber
**JACKSON LEWIS LLP**
PNC Center, 26th Floor
201 E. Fifth Street
Cincinnati, OH 45202

Harold Lichten
**LICHTEN & LISS-RIORDAN, P.C.**
729 Boylston St., Suite 2000
Boston, MA 02116

If you submit a written objection, you may also, if you wish, appear at the Final Approval Hearing to discuss your objection with the Court and the parties to the Lawsuit. Your written objection must state whether you will attend the Final Approval Hearing, and your written notice of your intention to appear at the Final Approval Hearing must be filed with the Court and served upon Class Counsel and Encore's counsel on or before the Notice Deadline. To be heard at the Final Approval Hearing you must also not have opted out of the Settlement. If you wish to object to the Settlement but fail to return your timely written objection in the manner specified above, you shall

be deemed to have waived any objection and shall be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement. The postmark date of mailing to Class Counsel and Encore's counsel shall be the exclusive means for determining that an objection is timely mailed to counsel. Objections shall only be considered if the Settlement Class Member has not opted out of the Settlement.

**7.      Can Defendants Retaliate Against Me for Participating in this Lawsuit?**

No. Your decision as to whether or not to participate in this Lawsuit will in no way affect your work or employment with Defendants, or future work or employment with Defendants. It is unlawful for Defendants to take any adverse action against you as a result of your participation in this Lawsuit. In fact, Defendants encourage you to participate in this Settlement.

**8.      Who Are the Attorneys Representing Plaintiffs and the Settlement Class?**

Plaintiffs and the Settlement Class are represented by the following attorneys acting as Class Counsel:

Ryan F. Stephan
**STEPHAN ZOURAS, LLP**
100 N. Riverside Plaza, Suite 2150
Chicago, IL 60606
Telephone: (312) 233-1550
Facsimile: (312) 233-1560
Email: rstephan@stephanzouras.com

Harold Lichten
Olena Savytska
**LICHTEN & LISS-RIORDAN, P.C.**
729 Boylston St., Suite 2000
Boston, MA 02116
Telephone: (617) 994-5800
Email: hlichten@llrlaw.com

Shanon J. Carson
Sarah R. Schalman-Bergen
Alexandra K. Piazza
**BERGER MONTAGUE PC**
1818 Market St., Suite 3600
Philadelphia, Philadelphia 19103
Telephone: (215) 875-3033
Facsimile: (215) 875-4604
Email: overtime@bm.net

**9.      How Will the Attorneys for the Settlement Class Be Paid?**

Class Counsel will be paid from the Gross Settlement Amount of $2,378,000.00. You do not have to pay the attorneys who represent the Settlement Class. The Settlement Agreement provides that, subject to approval by the Court, Class Counsel will receive attorneys' fees of up to one-third (1/3) of the Gross Settlement Amount ($792,587.40) plus their out-of-pocket costs, which are presently $12,710.35. Class Counsel will file a Motion for Attorneys' Fees and Costs with the Court. The amount of attorneys' fees and costs awarded will be determined by the Court at the Final Approval Hearing.

**10. Where can I get more information?**

If you have questions about this Notice, or the Settlement, or if you did not receive this Notice in the mail and you believe that you are or may be a member of the Settlement Class, you should contact the Settlement Administrator (contact information listed above).

This Notice is only a summary. For more detailed information, you may review the Settlement Agreement, containing the complete terms of the proposed Settlement, which is publicly accessible and on file with the Court.

**PLEASE DO NOT WRITE OR TELEPHONE THE COURT OR ENCORE FOR INFORMATION ABOUT THE PROPOSED SETTLEMENT OR THIS LAWSUIT.**